419 So.2d 404 (1982)
David Lee WEATHERSPOON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2052.
District Court of Appeal of Florida, Second District.
September 15, 1982.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant seeks reversal of his convictions for burglary and grand theft. The only meritorious point he raises is that the state failed to prove that the value of the stolen television set was in excess of $100. Thus, defendant argues there was no basis for the conviction of grand theft. On that point we agree with defendant.
The jury found the defendant guilty of burglary and grand theft. The trial court sentenced him to fifteen years on the burglary count and five years for grand theft with the sentences to run consecutively.
At trial there was testimony from which the jury properly concluded that defendant stole the television set. The only evidence as to the value of the television set came from testimony of the owner. When asked how much the television was worth, the owner replied "About three " before being interrupted by the judge. When asked a second time, the owner stated, "I was paying 90 for it. That's what I was paying for it." His further testimony established that the television was six months old when it was stolen.
Proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond and to the exclusion of every reasonable doubt. Negron v. State, 306 So.2d 104 (Fla. 1974). While inferences can be drawn from the testimony that the television set was worth in excess of $100, contrary inferences may also be drawn from the owner's statements. Moreover, the owner's testimony made no reference as to whether the value that he was attempting to discuss related to the television set when new or at the time it was stolen. The crime of grand theft, of course, requires proof of the market value when the offense occurred. § 812.012, Fla. Stat. (1979); Malloy v. State, 397 So.2d 1218 (Fla. 1st DCA 1981).
The state seeks to sustain the verdict of grand theft on the basis of this court's recent opinion in Jackson v. State, 413 So.2d 112 (Fla. 2d DCA 1982). There, we held that the nature of certain stolen property *405  a 37-foot sailboat, less than a year old  was indicative of an uncontrovertable minimum value which exceeded $100. In Jackson we cautioned that while it was proper there for a jury to have returned a verdict of guilty for grand theft based on the property having a value of $100 or more, that was an instance where "reasonable persons could not doubt that the value of the sailboat as described to the jury was $100 or more." Jackson at 114. The rationale of Jackson is limited to those rare cases where the minimum value of an item of property is so obvious as to defy contradiction.
Accordingly, we affirm the judgment and sentence for burglary, vacate the judgment and sentence for grand theft, and direct the trial court to enter an adjudication of guilt of petit theft and to sentence defendant therefor.
GRIMES, A.C.J., and DANAHY, J., concur.