452 So.2d 1040 (1984)
Grover EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1962.
District Court of Appeal of Florida, Second District.
July 6, 1984.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant, Grover Evans, challenges his conviction for second-degree grand theft under section 812.014, Florida Statutes (1981). The only meritorious point he raises is that the state failed to prove that the value of the stolen coats found in his possession was in excess of $100. Thus, defendant argues that there was no basis for a conviction of grand theft. On this point, we agree.
At the outset we reject the state's contention that defendant has not properly preserved this issue for appeal. The record discloses that defendant raised an objection as to proof of value in his motion for judgment of acquittal and argued the point in his motion for new trial. Thus, the issue has been properly preserved for our review. See Mancini v. State, 273 So.2d 371 (Fla. 1973); Santini v. State, 404 So.2d 843 (Fla. 5th DCA 1981).
The state charged Evans with theft of coats of the value of $100 or more from a Sears store in Clearwater on February 7 or 8, 1983. Defendant pled not guilty and was tried and found guilty as charged by a jury. The evidence revealed that several hours after the theft, when defendant's car was stopped by the police, he was found to be in possession of three of the stolen coats. The proof established his knowledge of the stolen character of the coats.
*1041 While we reject the defendant's argument that the evidence was insufficient to convict him of theft, we nevertheless hold that the state failed to prove that the value of the coats found in his possession exceeded $100, as required for a conviction of second-degree grand theft. At defendant's trial the manager of the Sears store identified the three coats found in defendant's possession as being from the group of some twenty-three or twenty-four coats that were stolen. The manager further testified that those coats represented a total of $1,100 in retail value to Sears at the time they were stolen. He did not testify as to specific values and no price tags from the recovered coats were admitted in evidence.
Proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond and to the exclusion of every reasonable doubt. Negron v. State, 306 So.2d 104 (Fla. 1974); Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982). Admittedly, an inference could be drawn from the evidence that each coat was worth about $50 or $55. However, we point out that no evidence was introduced as to the value of the three coats found in defendant's possession. The fact is that the coats stolen from Sears consisted of a variety of "styles of all-weather coats, long and short." This could support a contrary inference that the coats sold for a wide range of prices; some expensive, others less expensive. Finally, this is not one of those rare cases where the minimum value of an item of property is so obvious as to defy contradiction. See Jackson v. State, 413 So.2d 112 (Fla. 2d DCA 1982).
Accordingly, we vacate defendant's judgment and sentence for grand theft and direct the trial court to adjudicate him guilty of petit theft and to resentence him accordingly.
GRIMES, A.C.J., and OTT, J., concur.