455 So.2d 533 (1984)
Billy E. SWAIN, Appellant,
v.
STATE of Florida, Appellee.
No. AV-290.
District Court of Appeal of Florida, First District.
August 22, 1984.
Rehearing Denied September 28, 1984.
Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Swain appeals his conviction for grand theft and his sentences for grand theft and attempted burglary. He argues that the trial court erred in allowing the victim sub judice to testify as to the value of the stolen property and that the trial court erred in departing from the sentencing guidelines. We affirm.
Claude Oliver, an independent trucker, was in Jacksonville on February 20, 1983. *534 His refrigerated trailer contained approximately 20 tons of meat. He arrived in Jacksonville around midnight, parked his truck, and went to sleep in the cab. At some point he woke up, looked in the mirror, and saw the right rear trailer door open. He got out of the cab carrying a .22 caliber pistol and walked to the back of the trailer. He could hear boxes of meat hitting the ground. An older model Buick was parked in back of the trailer and Oliver saw a man putting a box of meat into the trunk of the car. He told the man to freeze, but the man started to run, and Oliver fired at him. Oliver then heard a noise in the back of the truck, turned and saw appellant inside the trailer. There were three boxes of meat in the trunk of the car and eight boxes of meat on the ground. Oliver made appellant put the boxes of meat back in the trailer and then sit by a fence while Oliver summoned the police on his CB radio.
After the incident Oliver inventoried the contents of the trailer. He discovered 23 boxes of meat missing. Over appellant's objections, Oliver testified at trial that he took a price chart from Paramount Poultry and valued the missing meat at approximately $1,700. Oliver also testified that his company had cargo insurance with a $1,000 deductible and that he had to pay the deductible for the missing boxes of meat. At the conclusion of the trial appellant was found guilty of grand theft and attempted burglary.
We find it unnecessary to determine whether the trial court erred in allowing Oliver to testify about what he learned from the price chart concerning the value of the meat. Section 812.012(9)(b), Florida Statutes (1983), provides that if the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount. Oliver testified that he had to pay a $1,000 insurance deductible because of the missing meat. Oliver had personal knowledge as to how much he paid on the insurance deductible, and we think that such testimony adequately proves that the value of the items stolen is worth at least the amount which Oliver had to pay because of the theft. Cf. Jackson v. State, 413 So.2d 112 (Fla. 2d DCA 1982) (conviction for second degree grand theft proper where reasonable persons could not doubt that the value of the property described to the jury was $100 or more). Therefore, we affirm appellant's conviction for grand theft.
Appellant was sentenced on October 5, 1983. At the sentencing hearing he elected to be sentenced under the sentencing guidelines. The prosecutor prepared a guidelines scoresheet and totaled 71 points. This translates into a recommended sentence of 12 to 30 months under the guidelines. The prosecutor recommended that the trial court depart from the guidelines sentence for numerous reasons and recommended a sentence of 20 years. Appellant objected to a departure from the guidelines. The trial court departed from the guidelines and sentenced appellant to five years for attempted burglary and three years for grand theft to run consecutively. The guidelines scoresheet reflects the following written reasons for departure:
The defendant demonstrates absolutely no remorse or rehabilitation. He took the stand in his trial and perjured himself. He was paroled from a sentence for murder and remained free only six months before he was convicted for petit theft. One month later, the instant offense occurred. He also failed to make restitution payments to the mother of his murder victim. He is a violent person and a threat to society.
We think at least one reason cited by the trial court justifies departure. It is clear from the written statement of the trial court and from the court's oral pronouncements during sentencing that one of the primary considerations for departing from the guidelines was the timing of the commission of the various criminal offenses by appellant. It was not merely that appellant had previously committed murder and petit theft, but that appellant had established a pattern of committing new crimes within a very short period of *535 time after his release from any incarceration. The timing of the commission of offenses is not included in the criteria for determining a guidelines score. Nor would consideration of this factor violate the prohibition of Fla.R.Crim.P. 3.701(d)(11) concerning factors relating to arrests for which convictions have not been obtained. Our conclusion is bolstered by the recent decision of this court in Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984), wherein this court upheld a trial court's deviation from the sentencing guidelines where the deviation was supported by temporal and geographical circumstances of the offenses for which the appellants were convicted.
Appellant argues alternatively that, if departure from the guidelines is justified, the departure in the instant case is excessive. The sentencing guidelines do not explicitly provide any guidance for trial courts in determining a sentence once the trial court has validly departed from the guidelines. The sentences sub judice are within the parameters established by the Legislature.[1] On the facts of the instant case, we decline to hold that the sentences are excessive.
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] See sections 775.082, 777.04, 810.02, 812.014, and 921.001(5), Florida Statutes (1983).