474 So.2d 849 (1985)
Jimmy Huel COFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. BD-495.
District Court of Appeal of Florida, First District.
August 9, 1985.
Rehearing Denied September 19, 1985.
*850 Charles J. Kahn, Jr. and Michael J. Griffith of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
Jim Smith, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Cofield appeals his conviction and sentence of two years probation for grand theft in the second degree. Appellant raises several issues on appeal, only one of which merits discussion. He argues that the state failed to introduce competent evidence as to the value of the stolen property. We agree and reverse and remand.
On July 26, 1984, Cofield, a power distribution operator employed by the Monsanto Company, was arrested for allegedly stealing certain property used in the operation of the Monsanto plant.[1] In its case-in-chief, the state introduced the opinion testimony of Jimmie Wiggins to establish the value of the stolen property. Mr. Wiggins is a security officer at the Monsanto plant, and had examined the cache of materials found on the Monsanto premises prior to Cofield's arrest. Mr. Wiggins' testimony was based solely on a computer printout prepared by Mr. Stacey, an inventory manager employed by Monsanto. Mr. Wiggins testified to the individual cost of each item and found the total cost of the property stolen to be $976. The state did not call Mr. Stacey to testify, but was allowed to rely, over objection, on testimony of Mr. Wiggins, who had no personal knowledge of the value of the goods.
It is well-settled that proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond a reasonable doubt. Negron v. State, 306 So.2d 104 (Fla. 1974); Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984); Weatherspoon v. State 419 So.2d 404 (Fla. 2d DCA 1982). Section 812.012(9)(a)(1), Florida Statutes, states: "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense."[2] In the case at bar, the state, *851 through the testimony of Wiggins, attempted to prove value from the cost of replacement of the stolen property. We find that under the facts of this case, the state has failed to prove by competent evidence the value of the property.
We find this case distinguishable from Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), where this court held that the testimony of Oliver, an independent trucker, was adequate to prove the value of stolen property. In Swain, Oliver testified that his company had cargo insurance containing a $1,000 deductible and that Swain, by reason of the theft, was forced to pay the deductible for the missing boxes of meat. Oliver also testified that he had used a price chart from Paramount Poultry to value the missing meat at approximately $1,700. Id. at 534. This court, finding it unnecessary to determine whether the trial court erred in allowing Oliver's testimony from what he had learned from the price chart, held that since "Oliver had personal knowledge as to how much he paid on the insurance deductible, ... we think that such testimony adequately proves that the value of the items stolen is worth at least the amount which Oliver had to pay because of the theft." Id. (e.s.) By finding adequate proof of value, Swain implicitly reconfirms the rule that a lay witness' personal knowledge of his employer's property may be sufficient to establish value. See Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). In the case at bar, unlike Swain, Wiggins had no personal knowledge either of the value of an insurance deductible or of the replacement or market value of the stolen goods.
Next, we must determine whether the lack of Wiggins' personal knowledge made his testimony per se inadequate to establish value. To answer this question, we must address a question left open by Swain: Whether the trial court erred in allowing Wiggins to testify from what he had learned from the computer printouts. We adopt the rule stated by our sister court: "Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974) (emphasis in original); (interpreting the business records exception to the hearsay rule, Section 90.803(6), Florida Statutes). Therefore, once a proper predicate is laid, computer printouts may be introduced into evidence. Furthermore, we are of the view that absent personal knowledge, the value of stolen goods may be proven through the testimony of a custodian or qualified witness who testifies from a computer printout or other business record. Once the proper foundation is laid, the document will sustain the same reliability as that of one's personal knowledge of the value of the stolen goods.
In the case at bar, the state has failed to satisfy the above foundational requirements to the exception to the hearsay rule. Since Wiggins' testimony was based entirely on the computer printout information, it must be considered hearsay. Under the circumstances, its admission was not harmless and the trial court erred in permitting it into evidence. Finding no other competent evidence to establish value, we conclude that the state has failed to establish the value of the stolen goods.
Reversed and remanded with directions that the trial court either grant defendant a new trial or adjudicate him guilty of the offense of petit theft and resentence him accordingly.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Cofield was charged by information, under Section 812.014(2)(b)(1), Florida Statutes, with the theft of certain property: two lanterns, a flourescent bulb, a gas hose, a welding rod, two pieces of angle iron, a pipe, stainless steel stock, and stainless tubing and nuts, valued at less than $20,000.00, but more than $100.
[2] Formerly the statute (Section 812.011(2), Florida Statutes (1975)), had permitted value to be established only by evidence of the fair market value of the property. The Florida Anti-Fencing Act, however, added the "replacement value" language, effective October 1, 1977. § 3, Ch. 77-342, Laws of Fla.