SCHEB, Judge.
Appellants, Miguel Sori and Raymundo Reyes, were convicted of second-degree felony murder and armed robbery. They *50 were sentenced to consecutive terms of life in prison on each count. Each also received a three year mandatory minimum sentence for possession of a firearm. In challenging their judgments and sentences, appellants raise six issues. While we find no merit to any of the points raised, we address one issue presented by appellants.
The record reveals that on the afternoon of March 29, 1983, Ernesto Suarez and Jorge Rodriquez agreed to commit a robbery later that night. At approximately 9:00 p.m., Suarez, Rodriquez, appellants Reyes and Sori, and a friend, Abraham Montoya, went by car to a Shop and Go convenience market which was open for business. Suarez drove. Once inside the store, they took cash, food stamps and items of personal property. When an unmarked police car drove up to the store, the clerk was forced into a back room. The five men returned to the car and a high-speed chase by the police ensued. The suspects’ vehicle came to rest after hitting a bus parked in a parking lot. Deputy Amedicus Howell was shot and killed as gunshots were exchanged between the police and the suspects.
On May 19, 1983, appellants were indicted for first-degree (premeditated) murder and armed robbery. They pled not guilty and a jury trial ensued. At trial, the evidence revealed that it was Suarez who fired the fatal shot and that appellants had apparently fled toward some nearby houses once the shooting began.
At the close of all the evidence, the defense requested several jury instructions, including one on third-degree felony murder. The trial judge instructed the jury on first and second-degree felony murder, as well as manslaughter, robbery and theft, but denied the request for an instruction on third-degree felony murder. The jury found the appellants guilty of second-degree felony murder and armed robbery. This timely appeal followed.
Our comments are limited to appellants’ contention that the trial court erred in refusing to instruct on third-degree felony murder. Section 782.04(4), Florida Statutes (1983), defines third-degree felony murder - as:
The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any:
(a) Trafficking offense prohibited by s. 893.135(1),
(b) Arson,
(c) Sexual battery,
(d) Robbery,
(e) Burglary,
(f) Kidnapping,
(g) Escape,
(h) Aircraft piracy,
(i) Unlawful throwing, placing, or discharging of a destructive device or bomb, or
(j) Unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user ...
Appellants point to Florida Rule of Criminal Procedure 3.490, which requires that, where the offense charged can be divided into degrees, the jury may find the defendant guilty of any lesser degree which is supported by the evidence. Appellants argue that the trial judge’s giving of an instruction on grand theft was a recognition that there was prima facie evidence to sustain a conviction for that crime. Since grand theft is a felony “other than” those enumerated in section 782.04(4), appellants reason that the evidence likewise supported an instruction on third-degree felony murder.
Under the circumstances of this case, we disagree. To establish grand theft, the state must prove beyond a reasonable doubt that the market value of the property taken was $100 or more. § 812.-014(2)(b), Fla.Stat. (1983). Negron v. State, 306 So.2d 104 (Fla.1974); Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982). While several items were taken from the convenience store, there was no *51 evidence at trial that individually or together the items were worth $100 or more. Testimony as to the nature of the items taken is not enough. Grand theft requires proof of the market value when the items were taken. § 812.012(9)(a), Fla.Stat. (1983); Weather spoon. Since the evidence was insufficient to convict appellants of grand theft, it did not support the crime of third-degree felony murder. Thus, we find that the trial court did not err in refusing to instruct on third-degree felony murder. See also Pina v. State, 468 So.2d 475 (Fla. 2d DCA 1985).
Finding no merit to defendants’ other points on appeal, we affirm defendants’ convictions and sentences.
GRIMES, A.C.J., and LEHAN, J., concur.