490 So.2d 1326 (1986)
Enumerable VAILLANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1212.
District Court of Appeal of Florida, Third District.
July 1, 1986.
*1327 Jerrell A. Breslin and Peter Raben, Miami, for appellant.
Jim Smith, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
Vaillant appeals his convictions and sentences on two counts of robbery with a firearm, two counts of false imprisonment with a firearm, one count of trespass with a firearm and one count of grand theft. We affirm in part and reverse in part.
Vaillant contends that he is entitled to a new trial because the prosecutor, in closing argument, impermissibly commented on the post-arrest exercise of his right to remain silent. We disagree because we find the error, if any, was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1985); Walker v. State, 484 So.2d 1322 (Fla. 3d DCA 1986).
Vaillant next contends that the trial court erred in failing to grant his motion for judgment of acquittal or reduction of the charges on the grand theft count. We agree. Vaillant was charged with the theft of property valued at more than $100. Proof of value is essential to a conviction for grand theft. Negron v. State, 306 So.2d 104 (Fla. 1974); Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984). The state presented no evidence of the value of the property whatsoever. Accordingly, the conviction for grand theft is vacated with directions that the appellant be adjudicated guilty of petit theft.
Finally, Vaillant maintains that the trial court erred in calculating his guidelines sentence. We agree. The trial court erred in scoring points for victim injury when none of the offenses at conviction included physical contact as an element. Fla.R.Crim.P. 3.701 d.7.; State v. Whitfield, 487 So.2d 1045 (Fla. 1986). The sentence is therefore reversed and the cause is remanded for resentencing.
Affirmed in part, reversed in part and remanded.