COBB, Judge.
Donald and Geraldine Nelson appeal the order adjudicating them guilty of grand theft in the second degree, in violation of sections 812.014(1)(a), (b) and 812.-014(2)(b)(1), Florida Statutes (1985). The charges stemmed from an insurance claim filed by the Nelsons to recover under a homeowner’s policy issued by Florida Farm Bureau Casualty Insurance Co. (Florida Farm) for the theft of furniture and other personal belongings from their Melbourne, Florida, condominium. It was the state’s contention that most of these belongings had been removed by the couple to their home in Dallas, Texas, prior to the alleged *10 theft, thus resulting in an endeavor to steal funds from Florida Farm.[1]
Appellants claim the state failed to prove that the value of the property involved in the theft was greater than $100.00, as required by section 812.014(2)(b), Florida Statutes (1985). The initial claim of the appellants to the insurance company was for approximately $57,500. However, their policy of insurance would only cover a $20,-000 loss. In effect, they had a margin of error of $37,000, which amount, if disproved, would not affect their recovery at all, i.e., they would still recover $20,000.
The state did not prove that the appellants sustained no loss. It is undisputed that the appellants left some furniture in the condominium after the move to Texas, and based on the evidence submitted by the state, there is no way of knowing what happened to this furniture or its value.
In order for the state to prove its case, it had to show beyond a reasonable doubt that the appellants sustained an actual loss of goods of less than $19,900.[2] It could do this in one of two ways: either by showing the value of what was actually lost, or by showing the value of what was moved to Texas and subtracting it from $57,000. There were only six items actually taken to Texas which the state could show were claimed as stolen by the appellants. Of those six items, the state has presented evidence as to the value of only one: a dining room table and chairs valued at $5,000. Additionally, an estimator called by the state testified that there was approximately 6,500 pounds of furniture in the Melbourne condominium prior to the Texas move. Of that amount, 4,000 pounds, or about %, of the property was moved to Texas. Two-thirds of $57,500 is approximately $38,350. This would leave approximately $19,175 worth of furniture remaining in the condominium to be stolen. This analysis assumes, however, that the value per pound of furniture is equal. Furniture cannot be valued simply by its weight. There was testimony listing some of the items remaining in the apartment: a single bed, a chaise lounge, two coffee tables, a t.v.-radio console, a two-cushion couch, two refrigerators, a washer, a dryer and a bicycle. This information, however, was not enough for the state to sustain its burden of proof as to the value of the property stolen. See Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984). The state failed to prove the amount involved in the grand theft within the statutory limits. Additionally, the state failed to prove that the appellants were guilty of the crime of theft of any amount. Thus, this case is reversed and the appellants are ordered to be discharged.
REVERSED.
UPCHURCH, C.J., and R.E. LEE, Associate Judge, concur.

. Section 812.014(1), Florida Statutes (1985), provides:
A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently [deprive]. (Emphasis added.)

. Section 812.014(2)(b), Florida Statutes (1985), under which appellants were charged, requires the property stolen to be valued at $100.00 or more. Proof of the element of value is essential to a conviction for grand theft and must be established by the state beyond and to the exclusion of every reasonable doubt. Negron v. State, 306 So.2d 104 (Fla.1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980).