539 So.2d 588 (1989)
In the Interest of F.R., a Child.
No. 88-2430.
District Court of Appeal of Florida, First District.
March 10, 1989.
*589 Michael E. Allen, Public Defender, Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
On appeal from an adjudication of delinquency for a burglary of a structure and grand theft, appellant argues that the trial court committed reversible error in failing to conduct a Richardson hearing. The appellant also argues that the evidence adduced at the trial was insufficient to constitute grand theft. Since we agree on both issues, we reverse.
The appellant, a juvenile, was arrested for burglarizing a pickup truck. Stolen were speakers, a radio, an equalizer and cover for the truck bed. He was charged with grand theft and burglary of a structure. During discovery, appellant requested any written or recorded statements and the substance of any oral statements made by the appellant and known to the state. See Rule 3.220(a)(1)(iii), Florida Rules of Criminal Procedure. When arrested, appellant told Police Officer Lee that the items appellant was alleged to have stolen were purchased in Jacksonville. The state did not disclose this statement as was requested by the defense. On direct examination of the officer, the prosecuting attorney alluded to the conversation between the officer and the appellant. The defense objected before the officer could reveal the substance of that conversation. The objection centered upon a discovery violation, but the defense did not specifically request a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971). The state responded to the objection by declining to ask additional questions of the officer in order to avoid, as the state put it, "requesting a Richardson hearing at [this] time."
Later, during cross-examination of the appellant, the prosecutor sought to impeach appellant's testimony by referring to the prior inconsistent statements made to Officer Lee. Defense counsel objected on the grounds that the prior statements to Officer Lee had not been disclosed as required by the discovery rules. The trial court sustained the objection. The prosecutor then asked the appellant to repeat what he told the officer. The defense objected, stating that the state was trying "to go through the back door." The trial court denied the objection on the ground that the appellant had already begun to answer the question posed by the state. Not receiving a satisfactory answer, the prosecutor explicitly asked whether the appellant told the officer that one of the stolen items was purchased in Jacksonville, to which the appellant responded in the affirmative.
In Richardson, the Supreme Court held that a trial court must inquire into the circumstances surrounding a discovery violation to determine whether that violation resulted in prejudice. Failure to make such an inquiry is per se reversible error. In Smith v. State, 500 So.2d 125, 126 (Fla. 1986), the Supreme Court emphasized that one of the purposes of the Richardson rule was to insure that a discovery violation did not prevent a defendant from properly preparing for trial (quoting Wilcox v. State, 367 So.2d 1020, 1023 (Fla. 1979)). Thus, application of the Richardson rule does not depend on the manner in which the undisclosed evidence is used, for the possible prejudice suffered "is not dependent upon the potential impact of the undisclosed evidence on the factfinder, but rather upon its impact on the defendant's ability to prepare for trial... ." Id. At no time did the trial court in the instant case inquire whether the state's failure to disclose appellant's pretrial statements hampered the appellant's ability to prepare for trial.
We reject the state's contention that the appellant waived the right to a hearing by failing to make further objections. The Richardson court contemplated *590 that an inquiry would be required when "it is brought to the attention of the trial court" that a discovery request has not been met. Richardson, 246 So.2d at 775, quoting Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970). See also, Williams v. State, 513 So.2d 684 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 578 (Fla. 1988) (trial court erred in not holding Richardson hearing when it learned through a motion alleging a Brady violation that the state failed to disclose information requested in discovery), and Miller v. State, 403 So.2d 619 (Fla. 5th DCA 1981) (defense counsel's objection to use by the state of a witness not listed in discovery was sufficient to necessitate a Richardson hearing, distinguishing Lucas v. State, 376 So.2d 1149 (Fla. 1979), wherein defense did not object to a surprise rebuttal witness, but merely informed the trial court that the witness was not listed on the state's witness list). Nor does it matter that the statement at issue was made by the appellant. See Cumbie v. State, 345 So.2d 1061 (Fla. 1977), and Hickey v. State, 484 So.2d 1271 (Fla. 5th DCA), rev. denied, 492 So.2d 1335 (Fla. 1986). It should be further noted that the Richardson rule is applicable to juvenile proceedings. See, e.g., State v. R.R., 502 So.2d 1244 (Fla. 1987), and S.G. v. State, 518 So.2d 964 (Fla. 3d DCA 1988).
The lower court also erred in finding the appellant guilty of grand theft. Section 812.014, Florida Statutes (1987), provides that theft of property valued between $300.00 and $20,000.00 is grand theft, a felony in the third degree. Theft of property valued at less than $300.00 is petit theft, a misdemeanor. Proof beyond a reasonable doubt of the value of stolen property is essential to a conviction of grand theft. Negron v. State, 306 So.2d 104 (Fla. 1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980), and Cofield v. State, 474 So.2d 849 (Fla. 1st DCA 1985). See also, Nelson v. State, 501 So.2d 9 (Fla. 5th DCA 1986), and Vaillant v. State, 490 So.2d 1326 (Fla. 3d DCA 1986).
The only evidence concerning the value of the stolen property [other than the cover, which was homemade at a cost of about $40.00] was given by the owner of the property, who estimated its value at "about 310 [dollars], something like that." After being reminded by the prosecution that the property was used, the owner's response was: "It would be less than  I don't know about used." Clearly, this evidence is insufficient to prove the offense of grand theft. The adjudication is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
ERVIN and NIMMONS, JJ., concur.