PER CURIAM.
J.G. appeals the adjudication of delinquency for burglary of a structure, grand theft, and criminal mischief. We hold that the erroneous admission of the officer’s hearsay testimony which presented “the inescapable inference ... that a non-testifying witness [had] furnished the police with evidence of the defendant’s guilt....” Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981) (quoting Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA), review denied, 411 So.2d 384 (Fla.1981)), constituted harmless error under the circumstances of this case. Hill v. State, 459 So.2d 434 (Fla. 3d DCA 1984). Thus, we affirm the adjudication for burglary and criminal mischief. However, the record does not support the adjudication for grand theft. The state did not present evidence establishing that the market value of the property was at least $300. F.W. v. State, 459 So.2d 1129 (Fla. 3d DCA 1984); § 812.014(2)(c)(l), Fla.Stat. (1987). Accordingly, we reverse the adjudication of delinquency predicated on grand theft and remand with directions that the trial court adjudicate J.G. delinquent for petit theft.
Affirmed in part; reversed in part.