PER CURIAM.
D.L., a juvenile, appeals an adjudication of delinquency predicated on grand theft. § 812.014(2)(c)(l), Fla.Stat. (Supp.1986). D.L. contends that the evidence supports, at most, an adjudication of delinquency for petit theft, rather than grand theft. We agree and reverse. The state did not present evidence that the market value of the stolen property at the time of the theft was at least $300; it presented evidence only as to the retail cost of the stolen property one year prior to the theft. See Negron v. State, 306 So.2d 104 (Fla.1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); In the Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989); F.W. v. State, 459 So.2d 1129 (Fla. 3d DCA 1984); Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983); Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 180 (Fla. 1975); cf. Butler v. State, 354 So.2d 437 (Fla. 3d DCA 1978) (owner may testify as to fair market value of stolen items at time of theft). Accordingly, we reverse the adjudication of delinquency for grand theft and remand with directions to adjudicate D.L. delinquent for petit theft. J.G. v. State, 544 So.2d 317 (Fla. 3d DCA 1989); § 812.014(2)(c), Fla.Stat. (Supp.1986).
Reversed and remanded.