PER CURIAM.
J.O., a juvenile, appeals an adjudication of delinquency predicated on burglary, § 810.02, Fla.Stat. (1987), and grand theft, § 812.014, Fla.Stat. (1987). J.O. contends that because no sworn testimony was given during the trial about the value of the items stolen, his delinquency adjudication based upon grand theft must be reversed. We agree.
While the trial court heard negotiations of counsel as to the proper amount of restitution and the victim’s statement that “practically brand new” video equipment had been stolen, the state did not present evidence that the market value of the stolen property at the time of the theft was at least $300. See D.L. v. State, 546 So.2d 454 (Fla. 3d DCA 1989); Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984); see also In Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989); F.W. v. State, 459 So.2d 1129 (Fla. 3d DCA 1984); Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983); Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 180 (Fla.1975); cf. Butler v. State, 354 So.2d 437 (Fla. 3d DCA 1978) (owner may testify as to fair market value of stolen items at time of theft).
Accordingly, we affirm the adjudication of delinquency for burglary; we reverse the adjudication of delinquency for grand theft and remand with directions to adjudicate J.O. delinquent for petit theft. D.L. v. State, 546 So.2d at 454; J.G. v. State, 544 So.2d 317 (Fla. 3d DCA 1989); § 812.014(2)(d).
Affirmed in part; reversed in part.