JOANOS, Judge.
Appellant S.M.M. appeals his adjudication of delinquency of the offense of grand theft. Appellant contends that the trial court erred in finding that he committed grant theft, where the state failed to prove the value of the stolen items; and that his unrefuted, exculpatory and reasonable explanation for possession of the recently stolen property rendered the evidence insufficient to support his adjudication for grand theft. We affirm the trial court’s ruling as to guilt of theft, however, we agree that the state failed to prove the value of the stolen property, and reverse and remand as to this issue.
An information filed January 8, 1990, charged that appellant is a delinquent child, in that on December 3, 1989, he stole jewelry having a value of $300.00 or more but less than $20,000.00. The state introduced the testimony of the victim to establish the value of the stolen property. The items in question were a necklace and bracelet. Over a hearsay objection, the victim was permitted to testify that the value of the jewelry was $350.00. The victim explained that the jewelry had been a gift. To determine its value, she went to a jeweler who told her the value of jewelry the victim determined to be identical to her stolen jewelry. Although the stolen jewelry had been recovered, it was not introduced at the adjudicatory hearing, nor did the state present the testimony of the jeweler the victim consulted. Instead, the state relied solely on the testimony of the victim who had no personal knowledge of the value of the stolen items.
It is well settled that “[pjroof beyond a reasonable doubt of the value of stolen property is essential to a conviction for grand theft.” In the Interest of F.R., 539 So.2d 588, 590 (Fla. 1st DCA 1989). See also Negron v. State, 306 So.2d 104, 107-108 (Fla.1974); Cofield v. State, 474 So.2d 849, 850 (Fla. 1st DCA 1985) Evans v. State, 452 So.2d 1040, 1041 (Fla. 2d DCA 1984). Section 812.012(9)(a)l., Florida Statutes, defines “value” thusly:
(a)l. Value means the market value of the property at the time and place of the *1341 offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
An owner of stolen property is generally presumed competent to testify as to its value, based on the rationale that an owner necessarily knows something about the quality, cost, and condition of his property. Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). Nevertheless, mere ownership, without more, is not sufficient to qualify the owner to testify as to the value of the property. Rather, the key to the competency of a witness to testify as to the value of stolen property is the personal knowledge that the particular witness possesses with regard to the property in question. Taylor, 425 So.2d at 1193. Accord Cofield v. State, 474 So.2d at 851; Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), approved by State v. Jones, 530 So.2d 53 (Fla.1988).
For example, in F.R., the owner of stolen property testified that its value was approximately $300.00 to $310.00. After being reminded that the property was used, the owner responded that he did not know the value of the property in its used condition. Deeming this evidence incompetent to establish an essential element of the offense of grand theft, the court reversed the adjudication of guilt of grand theft and remanded for new trial. 539 So.2d at 590.
In Cofield, the state’s evidence regarding value of stolen property was adduced through the testimony of the company security officer, who in turn based his testimony solely on a computer printout. The security officer had no personal knowledge of the value of the stolen goods. In these circumstances, the court found the evidence insufficient to establish value because the proper foundation had not been laid. The security officer’s testimony was hearsay, and its admission was not harmless. The case was reversed and remanded for new trial or adjudication of guilty of petit theft. 474 So.2d at 851.
In Angel v. State, 305 So.2d 283 (Fla. 1st DCA 1974), the court ruled the evidence regarding value of an electronic calculator was inadmissible. The manager of the housing project from which the calculator was taken testified that he had seen the invoice for purchase of the calculator eighteen months before, and that the invoice showed its cost had been $362.00. The invoice was not offered into evidence. Defense counsel’s hearsay objection and motion to strike were overruled. The court ruled that the witness had not purchased the calculator and could not testify as to its cost independent of the invoice, and since he was not the owner, he could not testify as to his opinion of its current value in the absence of sufficient qualifying testimony to support such an opinion. Accord Evans v. State, 452 So.2d at 1041.
In the absence of direct testimony as to the market value of the property at the time of the theft, the court should examine the evidence in the light of four factors: (1) original market cost; (2) manner in which the item has been used; (3) its general condition and quality; and (4) its depreciation percentage. Taylor v. State, 425 So.2d at 1193-1194.
In the instant ease, the trial court overruled defense counsel’s objection to the victim’s testimony as to value. The reasoning was that the victim testified that the stolen items were gold, gold does not depreciate, and that an innocent party such as the victim ought not be required to produce a qualified appraiser to establish the value of the stolen property.
At the outset, the victim’s testimony was inadmissible hearsay, not within any of the enumerated exceptions to the hearsay rule. See § 90.803(1) — (23), Fla. Stat. (1989). Although the victim testified that the jeweler wrote on a piece of paper the value of items she [the victim] considered comparable to the stolen items, the jeweler was not identified or qualified in any way, and the written statement of value was not produced. Since the jewelry had been a gift, the victim had no personal knowledge of its value. Therefore, the victim’s testimony was not competent to establish the value of the property at issue in this case.
*1342 Accordingly, we reverse the finding that appellant was guilty of grand theft, and remand with directions to enter an adjudication of guilt of the offense of petit theft. We find the evidence sufficient to support the determination that appellant was guilty of theft, and affirm as to this issue.
SHIVERS, C.J., and ZEHMER, J., concur.