PER CURIAM.
Wesly Dumervil, the defendant, was charged with burglary of a structure and third-degree grand theft. At the defendant’s trial, the arresting officer testified that he had responded to a call that a possible burglary was in progress at a restaurant. The officer arrived at the restaurant within two minutes after receiving the dispatch. He saw the defendant and another person at the rear of the restaurant placing what appeared to be appliances into a box. The rear metal door of the restaurant had been pried open, and the box was approximately five to eight feet from the door.
In this appeal, the defendant argues first that the trial court erred in allowing, over defense objection, the testimony of the arresting officer that the police had received a call that there was a burglary in progress. The defendant claims that this testimony was inadmissible hearsay. Even *21 if we were to assume that the defendant’s argument was correct, in view of the fact that it is undisputed that a burglary actually occurred, any error in the introduction of that portion of the officer’s testimony was harmless at most. See State v. DiGuilo, 491 So.2d 1129 (Fla.1986).
The defendant also argues that the trial court erred in adjudicating the defendant guilty of third-degree grand theft, claiming that the evidence was legally insufficient to establish the value of the stolen property at $300.00 or more. We agree. See J.O. v. State, 552 So.2d 1167 (Fla. 3d DCA 1989); D.L. v. State, 546 So.2d 454 (Fla. 3d DCA 1989); Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984). Accordingly, the conviction for grand theft must be reduced to petit theft.
Finally, the defendant argues, and the State correctly agrees, that the trial court erred in imposing a general sentence on the burglary count and grand theft count, which exceeds the statutory maximum penalty for each of these counts. It is improper to impose a general sentence for multiple convictions. The general sentence must be reversed and the cause remanded to the trial court for resentencing within the statutory guidelines. See Lewis v. State, 567 So.2d 50 (Fla. 5th DCA 1990). See also Dorfman v. State, 351 So.2d 954 (Fla.1977) (a “sentence must be imposed for each offense”).
Affirmed in part; reversed in part and remanded for resentencing.