608 So.2d 573 (1992)
Wilbert L. RANDOLPH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 92-195.
District Court of Appeal of Florida, Fifth District.
November 20, 1992.
*574 James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Wilbert Randolph, Jr. appeals his conviction for third degree grand theft[1] contending his conviction must be reversed because the state failed to produce any evidence that the property he stole was valued at $300 or more. We agree and reverse.
At trial, there was testimony that defendant and his companion, William Piffner, broke into a vacant house and stole a Kenmore microwave, a color TV, some kitchenware, a bicycle, a blanket, candle holders and towels. The owner of the items did not appear at trial and the state introduced no evidence concerning the fair market value of any of the items. The three major items stolen  the bicycle, microwave and color TV  were never recovered.[2] No description of these items was offered at trial nor was there any evidence of their age or condition. No evidence of purchase price or replacement cost was introduced. The only evidence was photographs of a few items of kitchenware, primarily dishes and two clocks, recovered prior to trial.
Defendant correctly contends that, absent proof that the value[3] of the items he stole was $300 or more, his conviction for grand theft cannot stand. Mere proof of the nature of the stolen property is generally insufficient to sustain a conviction for grand theft.[4] The state acknowledges that proof of the element of value is essential and must be established by the state beyond and to the exclusion of every reasonable doubt. Negron v. State, 306 So.2d 104, 108 (Fla. 1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980).
There are, of course, cases in which the minimum value of an item of property is "so obvious as to defy contradiction". See Jackson v. State, 413 So.2d 112, 114-115 (Fla. 2d DCA 1982) (involving theft of a 37-foot sail boat). In such cases, the jury can then make a finding of "minimum" value based on section 812.012(9)(b), Florida Statutes (1989):
If the value of property cannot be ascertained, the trier of fact may find the *575 value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.
This section, however, does not permit a jury simply to speculate about a minimum value. Where the state has failed to produce evidence of the value of stolen property and the value is not self-evident, a conviction for grand theft based on value cannot be sustained. Jackson, 413 So.2d at 114; Samet v. State, 284 So.2d 450 (Fla. 3d DCA 1973). Accordingly, the judgment and sentence are reversed with instructions to enter a judgment for petit theft and to resentence defendant accordingly. Dumervil v. State, 603 So.2d 20 (Fla. 3d DCA 1992).
REVERSED and REMANDED.
W. SHARP, and PETERSON, JJ., concur.
NOTES
[1] § 812.014(2)(c)(1), Fla. Stat. (1989).
[2] Piffner admitted that they sold the television and the microwave at a local convenience store, but he was not asked how much money they received from the sale.
[3] "Value" is defined in section 812.012(9).
[4] J.O. v. State, 552 So.2d 1167 (Fla. 3d DCA 1989) (victim's statement that "practically brand new" video equipment had been stolen was insufficient to prove property stolen had value of more than $300); Sori v. State, 477 So.2d 49 (Fla. 2d DCA 1985) (evidence of nature of items stolen insufficient to support conviction for grand theft, absent proof of market value of items); Evans v. State, 452 So.2d 1040 (Fla. 2d DCA 1984) (evidence that defendant was in possession of three coats stolen from Sears, where all coats stolen had average retail value of $50, insufficient to sustain conviction for grand theft based on value in excess of $100); Jones v. State, 408 So.2d 690 (Fla. 2d DCA 1982) (evidence insufficient to support conviction for grand theft, even though television introduced into evidence at trial, where no independent proof of value).