749 So.2d 557 (2000)
T.E.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4932.
District Court of Appeal of Florida, Second District.
January 14, 2000.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
T.E.J. appeals from a delinquency adjudication of guilt for burglary and petit theft, raising two issues that concern the *558 sufficiency of the evidence and the length of his community control. We affirm the burglary adjudication, but reverse for the trial court to reduce the petit theft to a second degree misdemeanor and to specify the length of the community control in the commitment order.
The burglary and petit theft charges arose from an allegation that T.E.J. had reached into an automobile and removed several items, including glasses, cigarettes, documents, and currency. No witness testified as to the value of the items taken. T.E.J. was alleged to have committed petit theft of personal property of more than $100 and less than $300 in value, in violation of section 812.014(2)(e), Florida Statutes (1997). T.E.J. argues on appeal that the adjudication must be reduced to second degree petit theft, pursuant to section 812.014(3)(a), Florida Statutes (1997), because the evidence was insufficient to prove the charged offense of first degree petit theft.
Value of stolen items is generally considered an essential element of theft charges. See Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982), citing Negron v. State, 306 So.2d 104 (Fla.1974). In Negron, the defendant was convicted of grand larceny for the theft of items valued at more than $100. On appeal, the court held that the State had not presented sufficient evidence of the value of the items and thus the degree of the crime, whether grand or petit larceny, had not been established beyond a reasonable doubt. This issue was presented as a claim of fundamental error on appeal in Negron, and the court reduced the conviction to petit larceny.
Here, although the State presented no evidence addressing the value of the stolen items at the adjudicatory hearing, T.E.J. did not raise this failure of proof in his motion for judgment of acquittal. Nevertheless, following Negron, we conclude that this failure of proof on the essential element of value was fundamental error. Accordingly, we remand for the trial court to reduce the adjudication to second degree petit theft under section 812.014(3)(a), Florida Statutes (1997), which encompasses theft of items with a value less than $100.
We also direct the trial court on remand to specify the term of community control in the commitment order.
Accordingly, we affirm in part and reverse in part for modification of the adjudication and commitment orders.
CAMPBELL, A.C.J., and ALTENBERND, J., Concur.