LABORDE, Judge.
Third-party plaintiff-appellee, Green Tree Acceptance, Inc., moves to dismiss the sus-pensive appeal of the defendant, Ed’s Manufactured Housing, Inc., on the ground that the defendant failed to file a suspen-sive appeal bond.
This court, ex proprio moto, will also dismiss the suspensive appeal of the defendant, Nobility Homes, Inc., on the ground that the defendant failed to timely file its suspensive appeal bond.
The trial court rendered judgment on October 9, 1984. The defendants, Nobility Homes, Inc., and Ed’s Manufactured Housing, Inc., timely filed for a suspensive appeal on November 8, 1984 and November 14,1984 respectively; however, Ed’s Manufactured Housing, Inc. failed to furnish a suspensive appeal bond, and Nobility Homes, Inc. did not furnish a suspensive appeal bond until December 7, 1984.
Louisiana Code of Civil Procedure Article 2123 provides in pertinent part:
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished only within thirty days of:
*326 (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.”
Both appeals in this matter were untimely perfected as Ed’s Manufactured Homes, Inc. failed to file a suspensive appeal bond and as Nobility Homes, Inc. failed to file its suspensive appeal bond within the delays allowed by law. However, when a suspen-sive appeal is not timely perfected and the motion for appeal is filed within the delay allowed for a devolutive appeal, it will be maintained as a devolutive appeal. Detraz v. Fontana, 398 So.2d 141 (La.App. 3rd Cir.1981); Savoie v. Estate of Rogers, 433 So.2d 1140 (La.App. 3rd Cir.1983).
Therefore, the suspensive appeals of the October 9, 1984 judgment are dismissed and converted into devolutive appeals.
SUSPENSIVE APPEALS DISMISSED. Appeals maintained as devolutive.