WENTWORTH, Judge.
Appellant seeks review of a judgment by which he was convicted of grand theft' after jury trial and sentenced as an habitual offender. We affirm the conviction but reverse the sentence because we agree with the state’s concession of error in application of the habitual offender statute.
Appellant was charged with grand theft based on involvement in a confidence “flimflam.” The intended victim testified that appellant approached him in the parking lot of a large store and requested directions to a certain hotel. The victim informed appellant there was no such hotel. Appellant removed from his pocket a note directing appellant to meet someone at the hotel, and a large amount of money which appellant explained was insurance proceeds. The bill wrapped on the outside of the money was a $100 bill. When the victim suggested that appellant should deposit such a large amount of money in the bank, appellant admitted to being suspicious of banks. The victim testified that he informed appellant at some point that he had been a police officer but was not one currently.
The victim agreed to give appellant a ride in his truck. The victim noted that he had a gun in his truck which he placed within easy reach. They drove to a conve *292 nience store at appellant’s direction, and appellant went in to ask directions. After appellant returned, a second man approached the vehicle, and appellant stated that they should ask him for information. This second man volunteered to accompany the others on their hunt for the hotel. After he got into the vehicle, he volunteered to withdraw some money from his account at his own bank in order to demonstrate to appellant that it could be done. The three went to the second man’s bank, the second man went in, and returned with a briefcase full of money which he showed to everyone and which he stated was $8000 in currency. The victim observed three stacks of money and what seemed to be a genuine $100 bill on top of each stack. The second man then suggested that the victim likewise go to his own bank and withdraw $4000 to prove to appellant that it could be done. The victim testified that although he knew it was a set up, he agreed to drive to his bank in Tallahassee. He stated that he did not fear for his safety, and neither of the two men made any threatening movements or suggestions up to this point, or on the way to Tallahassee. Although he never saw a weapon on either man, he thought appellant had one. The victim explained that he had studied scams as a police officer, but not this one, and he wanted to see how it would work out.
When they arrived in Tallahassee, appellant asked the victim to park in the lot of a certain restaurant next door to the bank, because he did not want to park at the bank. The victim then announced that he would walk to his bank. He took his gun with him, and as he exited the vehicle he turned the gun on the two men and announced that he was making a citizen’s arrest. Appellant left the truck and ran around the building. He got into a car and drove off. This vehicle was later located at a local hotel, where appellant was arrested. The victim apprehended the other man. When the getaway vehicle was subsequently searched, the police found rolls of false money.
The victim testified that on the day in question he could have had access to $9000 from his various accounts at the bank. The largest portion of that amount was available to the victim from his line-of-credit account at the bank, since he had only $180 in his checking account on that day.
Appellant was found guilty of grand theft. According to a presentence report, appellant had several prior convictions including a conviction for committing a crime very similar to the one involved here. When the state moved for sentencing of appellant as an habitual offender, his counsel argued that such was not necessary for the protection of the public. The court concluded that appellant would be sentenced as an habitual offender, and also decided to depart from the recommended guidelines sentence.
Appellant contends here that the trial court erred in denying his motion to dismiss (1) because he “only prepared to commit an offense,” and (2) because “it was impossible for him to have committed the crime of grand theft,” when insufficient funds were on deposit in the victim’s account.
Section 812.014, Florida Statutes (1987), provides:
(1) A person is guilty of theft if he knowingly ... endeavors to obtain ... the property of another with intent to ... (a) Deprive the other person of a right to the property or a benefit therefrom, (b) Appropriate the property to his own use or to the use of any person not entitled thereto.
Sections 812.012(2)(a) and (c) define “obtains or uses” as “any manner of taking or exercising control over property,” and “obtaining property by fraud, willful misrepresentation of a future act, or false promise.” Section 812.014(2)(c) provides that grand theft of the third degree is committed when the property which defendant has endeavored to obtain is valued between $300 and $20,000. Although the victim never completed the intended withdrawal, it is clear from the record that appellant and his co-defendant committed several overt acts as they “endeavored to obtain” his property with the intent of depriving him of the use of it. Appellant and his co-defendant were clearly attempting to obtain $4000 of the victim’s money — an amount well within *293 Section 812.014(2)(c), Florida Statutes. The lesser amount actually credited in the victim’s checking account is therefore not conclusive for purposes of showing the appellant’s intent to commit grand theft. And the victim further testified that he had a credit line with his bank that would have allowed him to withdraw $9000 on the day in question.
Section 775.084(1), Florida Statutes (1987), sets forth the criteria for sentencing a defendant as an habitual offender. The record indicates that appellant has not previously been convicted of a felony in this state. The statute is therefore inapplicable, and the state concedes error on this point.
Because appellant cannot be sentenced as an habitual offender, the maximum sentence provided by law for his offense is 5 years. Section 775.082(3)(d), Florida Statutes. Thus, the issue of whether either of the written reasons provided by the trial court is sufficient to sustain departure from the guidelines sentence is moot, as is the court’s apparent failure to provide contemporaneous written reasons for departure and imposition of a 10 year sentence.
The judgment of conviction is accordingly affirmed, the sentence is reversed, and the cause remanded for resentencing.
SMITH and JOANOS, JJ., concur.