PER CURIAM.
Appellant challenges her convictions for grand theft and burglaiy. We affirm appellant’s burglary conviction because we conclude that there was sufficient evidence that she was aiding and abetting. However, we reverse appellant’s grand theft conviction for insufficient evidence of value, and reduce the conviction to petit theft.
Appellant and three other juveniles, two girls and a boy, were seen at 1:00 a.m. by a neighbor at the Woodlake Apartments moving from truck to truck and car to car, appearing to “mess with” items in the beds of the trucks. The group moved in concert until two stayed at one pickup and two walked over to another part of the parking lot. Two dome lights then came on in the other part of the parking lot, and the two who had stayed at the one pickup proceeded to a red car. This was the car that was burglarized. It looked to the neighbor like the two at the red car were slim-jimming it. A wallet containing $32 and a radar detector were stolen from the red car. After the items were taken from the red ear, the group again began moving back and forth between other vehicles on the lot. The neighbor then heard glass breaking and called 911.
Appellant asserts that the perpetrator was McCain, the one male, and McCain confirms this. She also maintains that she attempted to discourage McCain from his planned activities, and McCain confirms this also.
*1053 However, the record supports the court’s finding that appellant was an aider or abettor in the burglary based on her admitted presence with the group and the neighbor’s testimony that the group primarily went from car to car as a group. This assistance evidenced an intent to participate and amounted to aiding and abetting. Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994), rev. denied, 652 So.2d 818 (Fla.1995).
Appellant also challenges her conviction for grand theft. Since there is no record evidence of the value of the property stolen, and grand theft requires that the value of the property be at least $300, the grand theft conviction is reduced to petit theft. M.H. v. State, 614 So.2d 657 (Fla. 2d DCA 1993).
CAMPBELL, AC.J., and PATTERSON and QUINCE, JJ., concur.