PATTERSON, Judge.
The state appeals from the trial court’s dismissal of eight grand theft counts against appellees Peter Santo, Peter Papley, John Stover, and Anthony Schultz. The appellees filed a cross-appeal from the denial of their motion to dismiss the remaining two grand theft counts. We reverse the dismissal of the eight grand theft counts because the facts are sufficient to allege an “endeavor” theory of grand theft. As to the cross-appeal, we affirm the denial of the motion to dismiss the two remaining counts of grand theft.
The appellees were owners and/or employees of Air Control Systems Southwest (Air Control), which engaged in the sale of air conditioning units and duct cleaning services. The state charged the appellees with grand theft as a result of deceptive practices Air Control technicians employed in home solicitations. Stover filed a motion to dismiss which the other appellees adopted. The allegations show that Air Control technicians represented that the victims’ air conditioning units needed cleaning or replacement and that failure to do so could be a health hazard. In the eight- dismissed counts, the victims refused to make the purchases after receiving second opinions that their units were in working order and, in some cases, showed evidence of tampering. The motion to dismiss admits that a former employee of Air Control told police that Stover encouraged them “to sabotage units in an effort to gather sales.” The state’s traverse did not deny the facts in the motion to dismiss, but asserted that the state would establish additional facts relating to the practice of sabotaging air conditioning units to make sales.
The state charged the appellees with grand theft under section 812.014, Florida Statutes (1993), which provides in pertinent part:
(1) A person commits theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
Because the statute includes the phrase “or endeavors to obtain or to use,” the state proves a completed theft “when an attempt, along with the requisite intent, is established.” State v. Sykes, 434 So.2d 325, 327 (Fla.1983). An attempt requires an overt act: “There must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter.” Robinson v. State, 263 So.2d 595, 597 (Fla. 3d DCA 1972) (defendant’s conversation with police officer to buy stolen property did not amount to required overt act for attempted grand larceny because defendant ended conversation before accomplishment of desired result).
At the hearing on the motion to dismiss, the trial court focused on the fact that the victims in the eight counts at issue did not actually purchase goods or services. Evidence of an actual purchase, however, is not necessary to prove that the appellees endeavored to obtain or use the property of another. See McMillian v. State, 566 So.2d 291 (Fla. 1st DCA 1990) (defendant convicted of grand theft when he committed overt acts of posing as naive wealthy person to trick victim into withdrawing $4,000 from bank, even though victim never withdrew money). The information and the supporting facts are sufficient to allow the eight grand theft counts to go to trial. Thus, we reverse the trial court’s dismissal of the eight grand theft counts.
As to the cross-appeal, we affirm the denial of the motion to dismiss the remaining two grand theft counts in which the victims actually purchased goods and services.
Affirmed in part and reversed in part.
DANAHY, A.C.J., and LAZZARA, J., concur.