979 So.2d 986 (2008)
The STATE of Florida, Appellant,
v.
Antonio PEREZ, Appellee.
No. 3D07-1548.
District Court of Appeal of Florida, Third District.
February 13, 2008.
Rehearing Denied April 22, 2008.
*987 Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Pursuant to section 924.07(1)(i), Florida Statutes (2007), which provides that it may appeal from "[a] sentence imposed below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921," otherwise known as the sentencing guidelines, the state seeks review of what it says is a downward departure sentence. Its only complaint, however, is that the sentence calls for confinement in the county jail, rather than the state prison. We dismiss the appeal.
On December 19, 2003, Perez was charged with burglary of an unoccupied structure, petit theft and criminal mischief in case number 03-35427. At that time, the state filed similar charges against Perez in several other cases. On January 29, 2004, he pled guilty in case number 03-35427 and was sentenced to a guidelines sentence of 22.2 months in state prison, followed by three years on drug offender probation. He was awarded 42 days credit for time served in jail from the date of his arrest until sentencing. On that date, he also pled guilty in the other cases and the court imposed the same sentence to run concurrent with case number 03-35427. Perez served 633 days in prison, was released on October 22, 2005, and began his probation.
On February 21, 2007, affidavits of violation of probation were filed against Perez in all of the cases, alleging that he had been arrested for driving with a suspended license, that he left a residential drug treatment program, and that he failed to successfully complete treatment. He was taken into custody on May 5, 2007. At a May 22, 2007, probation violation hearing on the affidavits, the prosecutor informed the court that the lowest permissible sentence was (again) 22.2 months in state prison.[1] Under an agreement with the court to which the state objected, Perez admitted to the violations, his probation was revoked and the court imposed the sentence now under review. It provided for an additional 364 days in the county jail with credit for the 17 days served after his last arrest on May 5, but not for the 675 days he had previously served on the charges. The present sentence, thus, was *988 the functional (and permissible) equivalent of a "standard" sentence of, 1039 (675 plus 364) days, 34.2 months, with credit for all the time (675 days) he had previously served. See Summers v. State, 817 So.2d 950 (Fla. 2d DCA 2002) (upholding sentencing order adding period creditable for time served). Because such a sentence and the period Perez has already served or is going to serve is obviously more than the minimum guidelines sentence represented by the state,[2] its only cognizable claim of error is that the last 364 days of the period is in the Miami-Dade County jail rather than the state prison as the guidelines contemplate. § 921.0024(2), Fla. Stat. (2003).
For two related reasons, we conclude that we lack authority to consider the merits of this contention and therefore dismiss the appeal.
(1) First, because the fact that the sentence was to be served "in the county jail, rather than the state penitentiary, is immaterial, as `all jails look the same from the inside,'" Voulo v. Wainwright, 290 So.2d 58, 59 (Fla.1974), the difference in the location of imprisonment, while it may be a sideways departure, does not qualify as a sentence "below the lowest permissible sentence" [emphasis added] under the guidelines, as provided by the only arguable authority for this appeal, section 924.07(1)(i), Florida Statutes (2007).
(2) Looking at the matter from a broader perspective, the state can establish no harm in the fact that Perez is "immaterially" now in jail rather than prison. If anything, it is in an affirmatively better position. This is because Miami-Dade County has been required to shoulder a burden of supporting Perez for 364 days which might rightfully belong to the state. It is axiomatic that no party has standing to object to a ruling which does not adversely affect its substantial rights, see 3 Fla. Jur.2d Appellate Review § 88 (2004), let alone one which is favorable to its interests. See 3 Fla. Jur.2d Appellate Review § 86 (2004).
Appeal dismissed.
NOTES
[1] Although the state's brief suggests that the guideline sentence is something more than that, the claim finds no support whatever in the record, by which we are bound and which contains no completed sentencing scoresheet. The appellant thus cannot be heard to say that the minimum sentence was anything more than the 22.2 months it said it was to the trial court, much less that it was more than the 34.2 months we find was the effective term of Perez's actual sentence.
[2] Ibid.