NORTHCUTT, Judge.
A jury convicted Stephen Colletti of third-degree felony murder. See § 782.04(4), Fla. Stat. (2008). On appeal, he contends that the State failed to prove the underlying felony and that, therefore, the evidence was insufficient to support his felony murder conviction. See Sori v. State, 477 So.2d 49, 50-51 (Fla. 2d DCA 1985). We agree, and we reverse Colletti’s conviction.
Colletti was initially tried on three charges: second-degree murder, third-degree felony murder, and aggravated battery with a firearm. At his first trial the jury acquitted him of second-degree murder and aggravated battery. The jury hung on the third-degree felony murder count, and the State retried Colletti on that charge.
The information identified Colletti’s underlying felony as the grand theft of items he took from the victim’s residence. Section 812.014(2)(d), Florida Statutes (2008), establishes the crime of third-degree grand theft when property valued at $100 or more is taken from a dwelling or the curtilage of a dwelling. After the State rested its case at Colletti’s retrial, Colletti moved for judgment of acquittal. The trial court remarked that the State had presented no evidence of the value of the items stolen. It noted that the State had the burden of proving that the value of the property taken was $100 or more. The prosecutor replied that the evidence showed that a safe was taken from the wall of the victim’s home and that the safe may have contained money and drugs worth over $100. The court also noted that a DVR was taken and that the safe itself, *499 the contents of the safe, and the DVK, provided sufficient evidence for the jury to find a value of more than $100. In addition, one of Colletti’s alleged accomplices testified that a laptop computer and a mobile phone, which he described as an “iPod phone,” were taken. The court denied Colletti’s motion for judgment of acquittal.
To convict an accused of grand theft, the State must prove the value of the items taken beyond a reasonable doubt. Evans v. State, 452 So.2d 1040, 1041 (Fla. 2d DCA 1984). The value of tangible property is established by “the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l). Here, as the trial court pointed out, the State presented no evidence of value at all. But the statute defining the term “value” provides that if the actual value cannot be ascertained, the jurors may find that it is “not less than a certain amount[.]” § 812.012(10)(b). On the other hand, the statute also provides that “if no such minimum value can be ascertained, the value is an amount less than $100.” Id.
We have found only one reported case in which, as here, the State presented no admissible evidence of the stolen property’s value and the value nevertheless was deemed to meet the grand theft minimum amount. That decision, Jackson v. State, 413 So.2d 112, 114-15 (Fla. 2d DCA 1982), was the first to apply section 812.012(10)(b) so as to permit the jury to find that stolen property was worth “not less than a certain amount.” In Jackson, the stolen property was a nearly new, thirty-seven-foot sailboat. The Jackson court held that, considering the nature of the property, no reasonable person could doubt that its value exceeded $100. But the court cautioned that such a valuation “should occur only in those rare instances when the minimum value is indisputable and the jury cannot ascertain a specific value from the evidence or lack of evidence before it.” Id. at 112.
The Florida Supreme Court recently disapproved Jackson, holding that it had misinterpreted the “minimum value” provision of the theft statute. Marrero v. State, 71 So.3d 881 (Fla.2011). “Jackson improperly breathes an extremely broad interpretation of a narrow statutory provision into the criminal theft statute,” the court wrote. “Section 812.012(10)(b) provides that ‘[i]f the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount.’ (Emphasis supplied.)” Id. at 888.
A plain reading of this criminal theft provision reveals that a jury is only allowed to determine a minimum value instead of an actual value if the value of property cannot be ascertained. Jackson replaces the requirement that the value of the stolen property be impossible to ascertain with a completely unrelated condition of the State’s failure to present evidence of value (although capable of valuation) and jurors “could not doubt that its value exceeded” the required amount. See Jackson, 413 So.2d at 112. This misinterpretation of the criminal theft statute is not supported by any authority whatsoever and in fact runs contrary to the plain language of the criminal theft statute and the criminal mischief statute. We therefore disapprove of Jackson’s disregard of the impossibility prerequisite articulated in section 812.012(10)(b).

Id.

In Colletti’s case, the State did not demonstrate, and the record does not reflect, that it was impossible to prove the value of the stolen items, i.e., “the market value of the property at the time and place of the *500 offense or, if such [could not] be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l). That being the case, the “minimum value” exception to the State’s burden to prove the value of the stolen property was not applicable.
In any event, we note that a number of cases decided before Marrero have held that allowing a jury to determine a minimum value under section 812.012(10)(b) is permissible only in “those rare cases where the minimum value of an item of property is so obvious as to defy contradiction.” Weatherspoon v. State, 419 So.2d 404, 405 (Fla. 2d DCA 1982); see also K.W. v. State, 13 So.3d 90, 92 (Fla. 3d DCA 2009). Such cases are rare indeed; in nearly every reported decision involving proof of valuation based on the “minimum value” theory, Florida’s appellate courts have found the evidence wanting. See D.H. v. State, 864 So.2d 588, 589 (Fla. 2d DCA 2004) (rejecting State’s argument that the sheer number of items, including DVD player, a Sony Playstation, and cameras, was sufficient to prove that the stolen items had a value that met the grand theft minimum); see also A.D. v. State, 30 So.3d 676, 678 (Fla. 3d DCA 2010) (declining State’s invitation to find a minimum value for stolen items, i.e., a cell phone, a fishing rod, an iPod, a truck radio, and a boat battery charger, sufficient to meet the grand theft threshold when the State presented slim evidence of the condition of the items); K.W., 13 So.3d at 92 (rejecting the notion that a nice cell phone automatically met the “minimum value” for grand theft under section 812.012(10)(b)); Doane v. State, 847 So.2d 1015, 1018 (Fla. 5th DCA 2003) (holding that when the State presented insufficient evidence of market value of stolen items — two computer monitors, two central processing units, two keyboards, a scanner, a printer, and a 35 mm Nikon camera — “the value of the stolen equipment was not ‘so obvious as to defy contradiction’ ”).
In the opinions just cited, it was not apparent that it was impossible to ascertain the value of the items stolen, and for that reason the cases may have limited vitality in light of Marrero. Even so, those cases demonstrate that, assuming the applicability of the “minimum value” provision of the theft statute, the scant evidence here did not support a determination that the value of the stolen items so obviously equaled or exceeded $100 that such valuation was “indisputable” or was “so obvious as to defy contradiction.” As mentioned, here the stolen items were a wall safe, a DVR, a laptop computer, and a mobile phone. The State presented no evidence about the age, condition, or quality of the items. No evidence established what, if anything, the safe contained when it was taken. Although some testimony suggested that the victim had sometimes used the safe to store drugs and money, no one could say that any such items were in the safe when it was removed.
At the hearing on Colletti’s renewed motion for judgment of acquittal after the verdict was entered, the State advanced an additional theory in support of its proof of value. The State reminded the court that Colletti had told different people that the victim owed him, variously, $1500, $3000, $10,000 or $30,000, and that he wanted his money back. There was testimony that Colletti offered to pay two men between $500 and $1000 to accompany him to the victim’s house to help him recover payment of the debt. Specifically, the plan was to convince the victim to open his wall safe so that Colletti could obtain his repayment. Thus, the State asserted, it proved that Colletti had “endeavored” to commit grand theft because he was seek *501 ing repayment of sums in excess of the $100 threshold. See § 812.014(1) (“A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another.... ”); State v. Sykes, 484 So.2d 325, 327 (Fla.1983) (holding that the crime of theft is fully proved by showing that defendant endeavored to steal; there is no separate crime of attempted theft). The trial court agreed with the State that the endeavor theory was sufficient to prove the amount of the theft, citing State v. Santo, 693 So.2d 139 (Fla. 2d DCA 1997).
But Santo did not involve an attempt to prove value under the endeavor theory. In that case, the defendants were charged with multiple counts of grand theft based on their false representations to homeowners that their air conditioning units needed cleaning or replacement and that failure to do so would be a health hazard. The defendants moved to dismiss the charges, and the State filed a traverse. See Fla. R. Crim. P. 3.190(c)(4), (d). The trial court dismissed the counts involving victims who had refused to purchase services or replacement units. The Santo court reversed the dismissals because “evidence of an actual purchase ... is not necessary to prove that the appellees endeavored to obtain or use the property of another.” It relied on McMillian v. State, 566 So.2d 291 (Fla. 1st DCA 1990), for the proposition that a defendant may be convicted of grand theft when he committed the overt acts of posing as a naive wealthy person to trick the victim into withdrawing $4,000 from the bank, even though the victim never withdrew money. Santo, 693 So.2d at 139.
Thus, Santo merely recounted that, under the theft statute, an endeavor to obtain or use the property of another is the same as a completed obtainment or use. See Sykes, 434 So.2d at 327. Santo did not hold that the State may prove the value of the stolen property with evidence of what the accused thought it might be worth.
To the contrary, under the theft statute an accused’s understanding or state of mind is implicated only in regard to whether the taking itself is a criminal act. A person commits theft if he “knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently” deprive the owner of the property or appropriate the property to his own use. § 812.014(1) (emphases supplied). The statute pays no heed to the perpetrator’s knowledge or intent when delineating the degrees of the crime based on the value of the property taken. Thus, as was alleged in this case, the theft would be a third-degree felony “if the 'property stolen is valued at $100 or more, but less than $300” and is taken from a dwelling. § 812.014(2)(d) (emphasis supplied). The methods for proving value set forth in section 812.012(10) make no reference to the defendant’s subjective belief about the value of the property.
The State’s reliance on Colletti’s alleged specific endeavor to take the contents of the wall safe in repayment of the victim’s debt was unavailing for another important reason: there was no proof that the safe contained anything at all. In Capaldo v. State, 679 So.2d 717 (Fla.1996), the supreme court interpreted section 812.019(1), Florida Statutes (1993), which provides that any person who traffics in, “or endeavors to traffic in” stolen property is guilty of a second-degree felony. The court accepted review of the case to address the following certified question: “Is it necessary to prove the existence of actual property in order to convict under section 812.019(1)?” Id. at 718. Answering the question in the affirmative, the court *502 rejected the State’s assertion that, although there must be some property that forms the basis of a trafficking charge, there need not be any actual property when the defendant is charged with endeavoring to traffic in stolen property. In so doing, the court drew heavily on its previous treatment of the “endeavors to obtain” language in the theft statute.
In construing statutory language similar to the instant statute, this Court concluded that the words “or endeavors” reveals a legislative intent to define the substantive offense as including the attempt to commit the substantive offense. See Sykes, 434 So.2d at 327 (finding that second-degree grand theft, as defined in section 812.014, included an attempt to commit second-degree grand theft). Under such circumstances, “[t]he substantive, completed crime is fully proved when an attempt, along with the requisite intent, is established.” Id.
Capaldo, 679 So.2d at 719.
“Thus,” the court wrote, “trafficking and endeavoring to traffic in stolen property have the same elements of proof. Accordingly, we find that there must be some property which forms the basis of either charge.” Id. As is manifest in the Capaldo court’s direct reliance on its interpretation of the theft statute, the same is true of committing a theft and endeavoring to commit a theft.
In Colletti’s case, there was no proof that the victim’s wall safe held any contents whatever. As such, the theft charge could not have rested on Colletti’s supposed endeavor to steal those contents, regardless of what he may have believed about their existence or value.
We must reverse Colletti’s conviction for third-degree felony murder because the evidence was insufficient to prove the underlying felony, grand theft. Although the evidence would have supported a conviction for petit theft, § 812.014(3)(a), that crime cannot form the basis of a felony murder charge. See Brown v. State, 959 So.2d 218 (Fla.2007). Further, because third-degree felony murder has no lesser included offenses, it was the only charge submitted to the jury. For this reason, we must remand to the circuit court with directions to discharge Colletti.
Reversed and remanded.
ALTENBERND, J., Concurs specially.
KHOUZAM, J., Concurs specially.