KELLY, Judge.
Robert C. Sutton was convicted of burglary of a structure and grand theft. On appeal, he argues that the trial court erred in denying his motion for judgment of acquittal on the grand theft charge because there was insufficient evidence of value. Because we agree with Sutton that the State failed to provide sufficient evidence of the value of the stolen property, we reverse his conviction for grand theft. However, we reject Sutton’s argument that the trial court erred in sentencing him to drug offender probation for charges that were not drug related and affirm his sentence.
The charges against Sutton stemmed from the burglary of an industrial park in which several air conditioning units were damaged and stripped of parts, specifically copper coils. The information filed against Sutton alleged, in part, that he “endeavored” to steal property worth $300 or more from the park on April 26, 2011. At trial, the evidence established that the majority of the damage (an estimated $100,000) occurred prior to the night of Sutton’s known involvement and arrest; no evidence linked Sutton to the prior burglary, theft, and damage.
At the close of the State’s case, Sutton moved for a judgment of acquittal on the felony grand theft charge. He argued that the value of the previously stolen property could not be attributed to him and that the State did not prove that the copper coil Sutton was accused of attempting to steal had a value of $300 or more. The trial court denied the motion, and the jury found Sutton guilty of grand theft as charged.
A conviction for grand theft requires competent, substantial evidence showing that the defendant stole property valued at $300 or more. § 812.014(2)(c)(l), Fla. Stat. (2010). “Value” is defined as “the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l); see Colletti v. State, 74 So.3d 497, 499 (Fla. 2d DCA 2011). Where the value of the stolen property cannot be ascertained, “the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.” § 812.012(10)(b).
Here, the State presented testimony that the industrial park suffered an estimated $100,000 in losses from an earlier crime, but it provided no evidence that the copper coil Sutton was accused of attempting to steal was worth more than $300 or that it was impossible to ascertain the value of the coil. See § 812.012(10)(a) & (b). Because the State failed to prove value, an essential element of grand theft, the trial court erred in denying Sutton’s motion for judgment of acquittal on that charge. See Marrero v. State, 71 So.3d 881, 887 (Fla.2011); see also Colletti, 74 So.3d at 499. We therefore reverse Sutton’s grand theft conviction and remand to the trial court for entry of a judgment and sentence for petit theft. See C.N.W. v. State, 670 So.2d 1052, 1053 (Fla. 2d DCA 1996) (reducing grand theft conviction to petit theft where there was no record evidence of the value of the stolen property).
Sutton also argues that the trial court erred in placing him on drug offender probation because burglary and grand theft are not among the enumerated offenses under section 948.20, Florida Statutes (2010). We disagree. Section 948.20 was amended in 2009. See Ch. 2009-64, § 7, at 583-84, Laws of Fla. That version of the statute provided:
*959 If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), or other nonviolent felony if such nonviolent felony is committed on or after July 1, 2009, and notwithstanding s. 921.0024 the defendant’s Criminal Punishment Code scoresheet total sentence points are 52 points or fewer, the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt. In either case, the court may also stay and withhold the imposition of sentence and place the defendant on drug offender probation or into a postadjudi-catory treatment-based drug court program if the defendant otherwise qualifies. As used in this section, the term “nonviolent felony” means a third degree felony violation under chapter 810 or any other felony offense that is not a forcible felony as defined in s. 776.08.
Sutton was charged in 2011 with the third-degree felony of burglary in violation of section 810.02, Florida Statutes (2010). Because, section 948.20 specifically includes third-degree felonies under chapter 810 in its definition of nonviolent felonies, and Sutton’s scoresheet reflects a total of 24.8 points, it was within the trial judge’s discretion to sentence Sutton to drug offender probation if it appeared to the court that Sutton was a “chronic substance abuser.” See id.
It is clear from the transcript that the court believed Sutton’s criminal behavior was the result of drug and alcohol use and that further attempts at probation without drug treatment would be futile. We cannot conclude the trial court abused its discretion in sentencing Sutton accordingly. Therefore, we affirm Sutton’s judgment and sentence for burglary, reverse Sutton’s conviction for grand theft, and remand to the trial court with directions to enter a judgment of petit theft.
Affirmed in part, reversed in part, and remanded with directions.
WALLACE and KHOUZAM, JJ., Concur.