IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TERRY PAUL POWELL,

      Appellant,

v.                             Case No.  5D16-1810

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 7, 2017

Appeal from the Circuit Court
for Citrus County,
Victor J. Musleh, Senior
Judge.

James S. Purdy, Public Defender, and
Matthew Funderburk, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Terry Paul Powell appeals from a sentence imposed after he was convicted

following a jury trial of three offenses: assault (Count I), resisting an officer with violence

(Count II), and battery on a law enforcement officer (Count III).  He raises two issues on

appeal: first, that the trial court improperly imposed drug offender probation on Count III,

as there was insufficient evidence that Powell qualified as a "chronic substance abuser" under section 948.20, Florida Statutes (2015); and second, that his sentence on Count II contains a scrivener's error. We affirm his judgment and sentence, write to explain our reasoning, and remand for correction of the scrivener's error on Count II.[1] At the sentencing hearing, the trial court sentenced Powell to five years' incarceration on Count II as a prison releasee reoffender, and to three years' incarceration on Count III, consecutive to the term of imprisonment imposed on Count II, to be followed by two years' drug offender probation. In conflict with the oral pronouncement, the written sentence on Count II reflects five years' imprisonment to be followed by two years of drug offender probation.

This Court reviews the trial court's order imposing drug offender probation for an abuse of discretion. *Sutton v. State*, 128 So. 3d 957, 959 (Fla. 2d DCA 2013) ("[I]t was within the trial judge's discretion to sentence Sutton to drug offender probation if it appeared to the court that Sutton was a 'chronic substance abuser.'"). While this record presents a close call, we conclude that the trial court's imposition of drug offender probation as to Count III was supported by competent, substantial evidence in the record.

---

[1] The State conceded error on the first issue, but for a different reason than argued by Powell. "A confession of error, however, is not binding upon an appellate court, and it is the practice of Florida appellate courts not to accept erroneous concessions by the state." *Perry v. State*, 808 So. 2d 268, 268 (Fla. 1st DCA 2002) (citations omitted). Specifically, the State conceded error because it believed that battery on a law enforcement officer does not qualify for drug offender probation as it does not "fall under the statutorily enumerated categories of offenses for which drug offender probation could be imposed." We disagree. *See State v. Hearns*, 961 So. 2d 211, 219 (Fla. 2007) ("[Battery on a law enforcement officer] is not a forcible felony under section 776.08."); § 948.20(1), Fla. Stat. (2015) ("[T]he term 'nonviolent felony' means a third degree felony violation under chapter 810 or any other felony offense that is not a forcible felony as defined in s. 776.08.").

The trial court had before it, among other evidence, the testimony of two law enforcement officers establishing their familiarity with Powell due to numerous encounters with him over several years. Although the officers' testimony included only a limited factual basis, we cannot say that their testimony was not competent evidence. Further, the arrest affidavit indicated that Powell was under the influence of a controlled substance on the night of the incident. Given the substantial deference due the trial court here, we find no reversible error on this point.

We agree that the written sentence contains a scrivener's error which should be corrected upon remand as to Count II. "A written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence." *Beard v. State*, 27 So. 3d 186, 187 (Fla. 5th DCA 2010) (citing *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007)). "When a discrepancy exists, the oral pronouncement controls over the written." *Id.* In this case, the record reveals that the trial court imposed a sentence on Count II of five years' incarceration, making no mention of drug offender probation on this count. The written sentence should be corrected to conform to the oral pronouncement.

AFFIRMED; REMANDED for correction of scrivener's error.

COHEN, C.J., BERGER and EISNAUGLE, JJ., concur.