EISNAUGLE, J., concurring in result only, with opinion. While I commend the diligent work of the majority here, I concur solely because I am bound by Burrows v. State, 219 So.3d 910 (Fla. 5th DCA 2017), where this court reversed a twenty-fíve-yeár sentence of a nonhomicide offender citing to Kelsey v. State, 206 So.3d 5, 8 (Fla. 2016).[4] In this case, Appellant was sentenced to thirty-years before the Legislature adopted chapter 2014-220, Laws of Florida. Therefore, before this court can apply the remedy set forth in chapter 2014-220, we must first determine that Appellant’s thirty-year sentence violates the Eighth Amendment. See Henry v. State, 175 So.3d 675, 679 (Fla. 2015) (“Because we- have determined that Henry’s sentence is unconstitutional under Graham, we conclude that Henry, should be resentenced in light- of the new juvenile sentencing legislation .... ”). Other than Burrows, the cases cited by the majority do not hold that Appellant’s thirty-year sentence violates the Eighth Amendment. Therefore, were it not for Burrows, I would affirm Appellant’s sentence, and would not reach the interplay between sections 921.1402 and 775.087, Florida Statutes (2014). The majority seems to rely on language from Henry to support its conclusion that the Constitution requires review of a thirty-year sentence, but Henry does no such thing. In Henry, the supreme court held the. juvenile offender’s ninety-year term-of-years sentence was unconstitutional because the offender would not have a “meaningful opportunity for release.” 175 So.3d at 676. In so doing, Henry reasoned that ‘The Graham, Court had no intention of limiting its new categorical rule to sentences denominated under the exclusive term of ‘life in prison.’ ” Id. at 680. Thus, Henry considered the constitutionality of a de facto life sentence, and plainly does not requjre this court to find that a thirty-year sentence is unconstitutional. The same, is true for Horsley[5] and Peterson.[6] . Horsley did no more than announce that chapter 2014-220 would serve as the remedy for all juvenile sentences that violate Graham, even when the offense was committed before the Legislature adopted chapter 2014-220. Horsley, 160 So.3d at 405. I concede that Appellant would be entitled to the remedy provided in chapter 2014-220 if his sentence were unconstitutional. Thus, Horsley’s, holding begs the question presented and is of no consequence here. In Peterson, this court concluded that a fifty-seven-year sentence without a review mechanism violated Graham, even though it did not amount to a “de facto life sentence.” Peterson, 193 So.3d at 1038. Again, however, Peterson does not require the majority’s holding today that a thirty-year sentence is also unconstitutional. Just because Florida’s courts have concluded that a sentence need not amount to “de facto life” to violate Graham, it does not follow that all juvenile sentences require a review mechanism no matter their length. Therefore, Peterson’s holding concerning a fifty-seven-year sentence is not binding in this case, and I would not extend its reasoning to Appellant’s thirty-year sentence. Despite the majority’s background discussion of Henry, Horsley, and Peterson, its opinion is really built upon a single sentence in Kelsey. Specifically, today’s decision, and the decision in Burrows, centers on Kelsey’s statement “that all juvenile offenders whose sentences meet the standard defined by the Legislature in chapter 2014-220, a sentence longer than twenty years, are entitled to judicial review,” Kelsey, 206 So.3d at 8. To properly understand that single sentence, however, it cannot be read in isolation and must be considered in the context of the entire opinion. In Kelsey, the supreme court only considered whether a juvenile- offender, who had already been resentenced once because his original life sentences violated Graham, was entitled to a second resen-tencing and retroactive application of chapter 2014-220’s review mechanism. Kelsey, 206 So.3d at 6. Both the Kelsey court’s holding and reasoning illustrate its narrow application.. Indeed, in that case the court concluded that “[i]t would be antithetical to the precept of Graham and chapter 2014-220, Laws of Florida, to interpret them so narrowly ;as to exclude a juvenile offender who happens to have been resentenced before this Court issued Henry.” Id. at 10. The Kelsey opinion also observed the defendant in that case “rep-resentted] a narrow class of juvenile offenders, those resentenced ■ from life to term-of-years sentences after Graham, for crimes committed before chapter 2014-220’s ... effective date.” Id, at 10. If that were not enough, our supreme court again recognized Kelsey’s narrow application in Johnson v. State, when it explained that Kelsey’s holding merely applied “the reasoning in Henry to juveniles whose life sentences had been vacated pursuant to Graham, but who had not been resen-tenced under the new juvenile sentencing guidelines.” 216 So.3d 1237, 1239 (Fla. 2017). In sum, Kelsey did not hold that all juvenile sentences longer than twenty years are unconstitutional unless they include chapter 2014-220’s review mechanism, nor does Kelsey have any bearing on whether Appellant’s thirty-year sentence in this case is unconstitutional. Nevertheless, although I believe it was wrongly decided, I am bound by Burrows, and am now compelled to consider the remedy to which Appellant is entitled after demonstrating a violation of Graham. And although I cannot join all of the majority’s reasoning, I agree with the majority’s ultimate reading of sections 921.1402 and 775.087, which gives meaning to both statutes. That said, if the Legislature disagrees with our interpretation of . these statutes, I believe it has every constitutional right to revise the statutes to clarify its intent. . I recognize that the opinion in Burrows indicates that the State conceded error. In my view, the State should not have done so, and we should have rejected the State’s concession. See Powell v. State, 223 So.3d 412 (Fla. 5th DCA 2017) (quoting Perry v. State, 808 So.2d 268, 268 (Fla. 1st DCA 2002)). Although the State initially conceded error in this case, it now correctly recognizes that Appellant's sentence does not violate Graham. . Horsley v. State, 160 So.3d 393 (Fla. 2015). . Peterson v. State, 193 So.3d 1034 (Fla. 5th DCA 2016).