IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ERIC HOPE,

      Appellant,

v.                                                                    Case No.  5D16-4086

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 22, 2017

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Sean K. Gravel, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      We affirm the judgment and sentence entered against Eric Hope without

discussion but remand for correction of a scrivener's error in the judgment.  See Ashley

v. State, 850 So. 2d 1265, 1268 n.3 (Fla. 2003) (defining scrivener's error as written

clerical error that is not "the result of a judicial determination or error").  The judgment

erroneously cites to section 782.07, Florida Statutes (2015), for the crime of burglary of a dwelling with an assault or battery and a firearm when the correct statutory citation is section 810.02(2)(a), Florida Statutes (2015), and erroneously cites to section 810.02(2)(a) for the crime of aggravated assault with a firearm when the correct citation is section 784.021(2), Florida Statutes (2015). The judgment also erroneously lists the burglary of a dwelling with an assault or battery and a firearm conviction as a second-degree felony when it is a life felony, and it lists the aggravated assault with a firearm conviction as a life felony when it is a third-degree felony. We therefore remand for correction of the scrivener's errors. In all other respects, we affirm.

AFFIRMED; REMANDED FOR CORRECTION OF SCRIVENER'S ERRORS.

SAWAYA, BERGER and LAMBERT, JJ., concur.