IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LELIS ANTONIO MUNOS RIVAS

        Appellant,

 v.

                                         Case No.  5D21-1223
                                         LT Case No. 2020-MM-002217-A-EC

STATE OF FLORIDA

        Appellee.

_____/

Opinion filed May 20, 2022

Appeal from the County Court
for Lake County,
Emily Curington, Judge.

Matthew J. Metz, Public Defender, and
Nancy Ryan, Assistant Public Defender,
Daytona Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kellie A. Nielan,
Assistant Attorney General, Daytona
Beach, for Appellee.


ON MOTION FOR REHEARING OR FOR REHEARING EN BANC

PER CURIAM.

Upon consideration of Appellant's Motion for Rehearing or For Rehearing En Banc, we deny rehearing en banc, grant rehearing, vacate the previous opinion, and substitute this opinion in its place. In doing so, we recognize the State's original position conceding error and agreeing to remand to correct the scrivener's error contained in the judgment. Thus, we affirm Appellant's judgment and sentence, and remand for the trial court to correct the scrivener's error contained in the judgment to reflect that Appellant was found guilty by a jury rather than having entered a plea. See Taylor v. State, 242 So. 3d 1203 (Fla. 5th DCA 2018) (remanding for correction of scrivener's error in judgment which failed to indicate that appellant was convicted by jury); Hope v. State, 239 So. 3d 737 (Fla. 5th DCA 2017) (remanding for correction of multiple scrivener's errors in judgment); Ruff v. State, 216 So. 3d 692 (Fla. 5th DCA 2017) (remanding for correction of scrivener's error where judgment stated that appellant pled nolo contendere when in fact he was convicted by a jury).

REHEARING GRANTED; AFFIRMED; REMANDED with Instructions.

WALLIS and HARRIS, JJ., concur.
SASSO, J., concurs in part; and dissents in part, with opinion

2

SASSO, J., concurring in part and dissenting in part.

I agree that Rivas' judgment and sentence should be affirmed. However, I disagree with the majority's decision to remand this case for the correction of a scrivener's error in the final judgment. Rivas did not preserve this argument either before this appeal, by objection in the trial court, or while this appeal was pending, in his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because Rivas failed to preserve this issue for our review, I would affirm Rivas' judgment and sentence. *See generally Carrion v. State*, 46 Fla. L. Weekly D2083 (Fla. 2d DCA Sept. 22, 2021) (holding that appellant failed to preserve, for appellate review, issue of whether scrivener's error in trial court's judgment had to be corrected to indicate he was found guilty by a jury in connection with defendant's second-degree murder, aggravated manslaughter, and aggravated child abuse conviction, since he did not object to the error before the trial court or file a motion to correct a sentencing error while his appeal was pending). And I recognize that, like in *Carrion*, the State has conceded error here. But this Court is not obligated to accept that concession. *See Haar v. State*, 295 So. 3d 327, 330 (Fla. 5th DCA 2020) (Eisnaugle, J.,

3

concurring in part) (citing *Powell v. State*, 223 So. 3d 412, 413 n.1 (Fla. 5th

DCA 2017)). I would affirm in all respects.