# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-966
Lower Tribunal No. CJ22-001383-XX

_____

I.R.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Cassandra L. Denmark, Judge.

May 31, 2024

BROWNLEE, J.

In this appeal, the defendant, I.R., challenges his conviction for sending written or electronic threats to kill or do bodily injury, in violation of section 836.10, Florida Statutes (2022).[1]  He argues the trial court erred in denying his motion to dismiss at the close of all evidence because the trial court erroneously determined that a violation of section 836.10 is a general, rather than specific, intent crime.

_____

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

The State concedes error, but not for the reason posited by I.R. Instead, the State argues the trial court erred in applying an objective "reasonable person" standard in this case, rather than the recklessness standard espoused by the United States Supreme Court in *Counterman v. Colorado*, 600 U.S. 66 (2023). We find no basis for reversal and affirm.

I.R. and E.G. were girlfriend and boyfriend. At some point during their relationship, M.M., who went to school with I.R., made a video saying she thought I.R. was cute. This video sparked a heated exchange of direct messages that took place over Instagram among the three students. I.R. and E.G. both participated in the messaging using I.R.'s Instagram account, which E.G. apparently had access to because of their relationship. M.M. sent messages through her own account. It is undisputed—and I.R. admitted at the adjudicatory hearing—that at least some of the messages E.G. sent to M.M. were threatening. I.R. disputes, though, that any of the messages he sent were threatening.

The following portion of their exchange is relevant for our purposes.

 

It is undisputed that I.R. sent the gun emoji and "ima run from 22" to M.M., and the gun emoji became the feature of the hearing.

At the close of all evidence, I.R. argued the State had not met its burden of proof. Specifically, I.R. argued the State had not presented evidence to establish he had the requisite mens rea to commit the offense and, separately, that the gun emoji did not constitute a "threat." The record shows the trial court considered both arguments. At the conclusion of the hearing, the court determined the State met its burden of proof and found I.R. guilty of violating section 836.10. It later withheld adjudication and sentenced I.R. to five years' probation. I.R. now appeals the trial court's finding of guilt.

We review "the denial of a judgment of dismissal de novo." *K.H. v. State*, 265 So. 3d 684, 686 (Fla. 2d DCA 2019). Additionally, we note that, "[i]n a direct appeal . . . the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court." § 924.051(7), Fla. Stat. (2022).[2] In addition, that prejudicial error must be either properly preserved or constitute fundamental error.[3] *See* § 924.051(3) ("A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error."). "'Preserved' means that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b).

The error I.R. alleges here is not preserved for our review. As his sole basis for reversal, I.R. argues: "The trial court erred in denying Appellant's motion for

---

[2] Section 924.051, Florida Statutes, applies to cases involving juveniles. *See* § 985.534(1), Fla. Stat. (2022) ("An appeal from an order of the court affecting a party to a case involving a child under this chapter may be taken to the appropriate district court of appeal within the time and in the manner prescribed by s. 924.051 and the Florida Rules of Appellate Procedure . . . .").

[3] Neither party argues that the error alleged here was fundamental.

dismissal because the trial court erroneously found the mens rea element required was general intent rather than specific intent." This is the opposite of what I.R. argued below. Although defense counsel informed the trial court that "it does matter what the intent is," counsel argued "[i]t's not specific intent."

Thus, I.R.'s argument that violation of section 836.10 is a specific intent crime is not preserved for our review, and we do not consider it on the merits. *See Roberts v. State*, 349 So. 3d 928, 929 (Fla. 5th DCA 2022) ("The failure to raise this specific argument below deprived the trial court from considering it and, hence, it was not preserved for our review." (citing § 924.051(3), Fla. Stat. (2020) (requiring preservation in criminal cases))); *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("[I]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."); *I.R.C. v. State*, 968 So. 2d 583, 589 (Fla. 2d DCA 2007) ("A defendant may not argue in the trial court that a consent was involuntary for certain reasons and then obtain a reversal on appeal on the ground that the consent was involuntary for other reasons. Any specific reason for reversal must be a specific reason that was advanced by the appellant in the trial court.").

We decline to consider this issue on the merits notwithstanding that the State concedes error. As an initial matter, we are not bound by such concessions. *See*

5

*Haar v. State*, 295 So. 3d 327, 330 (Fla. 5th DCA 2020) (Eisnaugle, J., concurring in part) (citing *Powell v. State*, 223 So. 3d 412, 413 n.1 (Fla. 5th DCA 2017)). Furthermore, despite its apparent concession, the State disagrees with I.R.'s argument that section 836.10 is a specific intent crime. While the State agrees the trial court used an improper standard when considering intent, unlike I.R., the State argues the trial court should have employed the standard set forth by the United States Supreme Court in *Counterman* instead. Its argument is as follows:

> The State respectfully disagrees that the specific intent of communicating a threat is required. However, the State recognizes that under Counterman v. Colorado, 143 S.Ct. 2106 (2023), the lower court must determine whether Appellant "consciously disregarded a substantial risk that his communications would be viewed as threatening violence."

We do not reach the merits of the State's argument either. The State has not challenged the trial court's ruling on cross-appeal, I.R. does not argue for the application of this line of authority, and "[i]t is axiomatic that no party has standing to object to a ruling which does not adversely affect its substantial rights." *State v. Perez*, 979 So. 2d 986, 988 (Fla. 3d DCA 2008) (citations omitted).

For the foregoing reasons, we find I.R. has not presented prejudicial error from which this Court may properly grant him relief. *See* § 924.051(3). Accordingly, we affirm the judgment and sentence imposed by the trial court.

AFFIRMED.

NARDELLA and GANNAM, JJ., concur.

6

Howard L. "Rex" Dimmig, II, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Krystle Celine Cacci, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED